UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO SANTOS G. C.,<br><br>               Petitioner,<br><br>    v.<br><br>WARDEN, California City Correctional Center, et. al,<br><br>               Respondents. | No. 1:26-cv-03306-RLP<br><br>ORDER GRANTING HABEAS PETITION |

Before the Court is Petitioner Rolando Santos G.C.'s [1]  ("Petitioner")

[1]The Court uses only the first name and last initial to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018),

ORDER GRANTING HABEAS PETITION ~ 1

petition for writ of habeas corpus. ECF No. 1. As set forth below, Petitioner's petition for habeas corpus is granted.

## BACKGROUND

Petitioner is a citizen of Guatemala. He states he entered the United States by crossing the border on March 5, 2012, and has lived here for 14 years. ECF No. 1 at 1, 3. He is married and has two children ages 9 and 11 who were born in Florida and are U.S. citizens. *Id.* at 3. His family depends on him emotionally and financially. *Id.* He states he has worked steadily performing restoration work for approximately seven years. *Id.* Petitioner has no prior immigration history, criminal history, or warrants.  ECF No. 6 at 15. The only offense on his record is driving without a license, a minor infraction. ECF No. 1 at 3.

On February 18, 2026, Florida Highway Patrol officers performed a traffic stop and determined Petitioner was illegally in the United States. *Id.* Plaintiff indicates that he was on his way to work at the time he was arrested. ECF No. 1 at 1, 3. He was transported to the patrol station where United States Border patrol agents took him into custody. *Id.* He was provided with a Notice to Appear. *Id.*; ECF No. 6 at 5-7.

Petitioner was initially detained at "Florida Soft Side South" for

https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ORDER GRANTING HABEAS PETITION ~ 2

approximately three weeks; he was then transferred to California City Immigration Processing Center in California City, California, where he has since been detained. ECF No. 1 at 3. Petitioner is scheduled for a Master Hearing on May 22, 2026, at 8:30 a.m. before an immigration judge in Adelanto, California, via Webex. *Id.* at 4, 15.

On April 30, 2026, Petitioner filed an application for a temporary restraining order and a petition for a writ of habeas corpus and pursuant to 28 U.S.C. § 2241, asserting that his due process rights under the Fifth Amendment have been violated because he has been unlawfully detained without a bond hearing, because his detention is unreasonable and arbitrary, and because he has not been provided with an individualized determination. ECF Nos. 1, 2. Petitioner submitted statements of support from one of his children and a friend. ECF No. 1 at 21, 22.

On May 7, 2026, Respondents filed a response contending that Petitioner's detention is mandatory as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A). ECF No. 6.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ...

ORDER GRANTING HABEAS PETITION ~ 3

the traditional function of the writ is to secure release from illegal custody."

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

ANALYSIS

Petitioner contends his ongoing detention without a bond hearing violates his rights under the Due Process Clause of the Fifth Amendment. ECF No. 1. Respondents do not substantively address Petitioner's arguments; rather, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the Immigration and Nationality Act without a bond hearing. ECF No. 6.  The arguments are addressed in turn.

FIFTH AMENDMENT DUE PROCESS CLAUSE

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also

ORDER GRANTING HABEAS PETITION ~ 4

to immigration proceedings, including detention and deportation proceedings. *Id*. at 693-94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### a. Protected Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner has no criminal history and there therefore appears to be no lawful basis for his continued detention. The

ORDER GRANTING HABEAS PETITION ~ 5

Court therefore finds that Petitioner has a liberty interest protected by the Constitution.

### b. Process Required

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own liberty. He has been detained for two months and has been moved across the country, away from his family and employment. He is the primary financial and emotional provider for his family who have experienced difficulty without him. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received a bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and

ORDER GRANTING HABEAS PETITION ~ 6

effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner alleges that he has received virtually no procedural safeguards, which Respondent has failed to dispute. *Hernandez*, 872 F.3d 976. Respondent has not alleged that Petitioner is a danger to the public or a flight risk; in fact, it appears he has no criminal history or outstanding criminal warrant. Petitioner's statements that he has been working and building a family in this country for fourteen years are undisputed. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

As to the third factor, Respondent has not provided any justification for detaining Petitioner. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh

ORDER GRANTING HABEAS PETITION ~ 7

Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Because the *Matthews* factors weigh in favor of Petitioner, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. Having received neither, Petitioner's continued detention violates the Fifth Amendment Due Process Clause and he should be immediately released.

IMMIGRATION & NATIONALITY ACT

Having found due process requires Petitioner's immediate release, the Court need not analyze the issue of whether the INA was violated. However, the Court notes Respondents' argument consists of a mere six sentences which are a boilerplate recitation of the Government's standard position on this issue, without any application of the specific facts of this case whatsoever. Furthermore, this Court joins countless other courts in concluding Respondent's argument that 1225(b) mandates Petitioner's continued detention without a bond hearing "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (collecting cases).

**Accordingly, IT IS ORDERED:**

1.      The petition for writ of habeas corpus, **ECF No. 1**, is **GRANTED.**

ORDER GRANTING HABEAS PETITION ~ 8

2.      The application for temporary restraining order, **ECF No. 2**, is **DENIED as moot.**

3.      Respondent must **IMMEDIATELY RELEASE** Petitioner (A # 221486367) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions and shall not impose any additional restrictions on him as a condition of his release. Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.

4.      Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

5.      The security bond requirement of Federal Rule of Civil Procedure

ORDER GRANTING HABEAS PETITION ~ 9

65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

**IT IS SO ORDERED.**

DATED April 30, 2026



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION ~ 10